

1:23-cv-00050
Judge Martha Pacold
Magistrate Sheila Finnegan
Random Assignment

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br>*Plaintiff,*<br>vs.<br>SUNRUN INC,<br>*Defendant.* | Case No. _____<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Jorge Alejandro Rojas, brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, against Defendant Sunrun Inc, ("Sunrun"), and alleges based on personal knowledge and information and belief:

**INTRODUCTION**

1. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff brings this action against Defendant for violations of the TCPA, 47 U.S.C. § 227.

3. This case involves a campaign by Defendant which placed illegal, automated texts seeking solar panel installation services and products to Plaintiff's telephone number, which were not consented to.

**JURISDICTION AND VENUE**

4. This Court has subject-matter jurisdiction over the claims herein under 28 U.S.C. § 1331.

1

5. This Court has personal jurisdiction over Defendant. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Plaintiff resided within this district when the calls were made.
6. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.
8. Defendant Sunrun Inc ("Sunrun") is a Delaware entity, with an address of 225 Bush Street Ste 1400 San Francisco, CA 94104.
9. Defendant is a person as defined by 47 U.S.C. § 153(39).
10. Defendant acted through its agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

11. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, or an automatic telephone dialing system, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).
12. The TCPA provides a private cause of action to persons who receive such automated or -prerecorded calls. *See* 47 U.S.C. § 227(b)(3).
13. "A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii)". *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016).
14. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained

"without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

I*n the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

15. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).

## ALLEGATIONS

16. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (424) XXX-1582.
17. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.
18. Plaintiff is the account holder and customary user of his phone number.
19. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008.
20. Plaintiff registered his phone number on the Do Not Call Registry to obtain solitude from invasive and harassing telemarketing calls. The call prevented Plaintiff from using his phone for legitimate purposes.
21. Plaintiff was within this district when he received the text messages.
22. **Call 1, 2, 3, 4.** On or about September 2, 2022, at 10:33 AM Chicago time, Plaintiff received text messages from Defendant, from 630-228-9625.
23. The text message identified above stated "Hi, It's Jess from the IL Solar Program. Our area survey shows your property at 557 Cambridge Way has optimal sun exposure and is a great candidate for ComEd's Net Metering Program.   If your home meets the criteria, you can get solar installed for $0 cost out of pocket. You will receive SIGNIFICANT SAVINGS on your electric bill on day 1 of ComEd's system approval! To learn more about your savings and avoid any further rate increases, simply respond "YES" and we will contact you shortly! Text "NO" to opt-out."
24. Upon information and belief, the above text messages were sent by the sender as four separate text messages because of the character limits of SMS text messages. https://twiliodeved.github.io/message-segment-calculator/. "When you send an SMS message

3

containing more than 160 characters, the message is split into smaller messages for transmission. Large messages are split into 153-character "segments" and sent individually, then re-assembled by the recipient's device. For example, a 161-character message will be sent as two messages: one with 153 characters and a second with eight characters." https://www.twilio.com/docs/glossary/what-sms-character-limit (describing text messaging standards).

25. After responding in the affirmative, Plaintiff was ultimately connected to a Steven Loll of Sunrun who confirmed via telephone that he was following up concerning the text messages sent described above.

26. Plaintiff has never sought solar panel installation services from Sunrun or the "IL Solar Program."

27. "simply respond "YES" and we will contact you shortly! Text "NO" to opt-out are further indications that the messages sent by Defendant utilized an automatic telephone dialing system.

28. The text messages were sent en masse to many individuals and were pre-written and not personalized in nature. Plaintiff has never provided his consent to be called or texted to Defendant.

29. The conduct alleged in this action was made willful and knowingly.

30. Defendant's phone call utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

31. Defendant did not have any consent to call Plaintiff.

32. Defendant is not an organization exempt from the TCPA.

33. Upon information and belief, Plaintiff received additional calls from Defendant and its affiliates not included above.

34. The impersonal and generic nature of Defendant's calls shows that Defendant utilized an Automatic Telephone Dialing System (ATDS) and/or a pre-recorded voice in making the call.

35. In total, Defendant and/or its affiliates placed at least four (4) automated text message calls to Plaintiff.

36. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendant.

37. Defendant has a pattern and/or practice of failing to comply with the TCPA. It has been sued in the past on a class action basis for failing to comply with the TCPA. https://topclassactions.com/lawsuit-settlements/closed-settlements/sunrun-solar-marketing-calls-tcpa-class-action-settlement/

38. The foregoing acts and omissions were in violation of the TCPA.

39. Other Defendants may be named in this case following discovery, including for example any other individuals or entities who directed the unlawful conduct to be made.

40. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

41. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

42. The acts and omissions of Defendant constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

43. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

44. Plaintiff is also entitled to an award of costs.

45. Defendant's calls were not made for "emergency purposes."

46. Defendant's calls to Plaintiff were made without any prior express written consent.

47. Defendant contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.

48. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

49. The acts and/or omissions of Defendant's were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

50. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

51. Plaintiff, in discovery will identify additional telephone calls made by Defendant and or its agents or affiliates, and requests leave to amend the complaint after identifying.
52. Defendant hired, permitted, and enjoyed the benefits of any lead generator and call centers mass robocalling.
53. For the counts identified below, Defendant is directly liable as the party that caused the unlawful calls to be placed.
54. Plaintiff requests a jury trial on all issues so triable.

## COUNT 1.

### Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

55. Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.
56. Defendant or one of its affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least four (4) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.
57. Plaintiff was statutorily damaged at least four (4) occasions under 47 U.S.C. § 227(b)(3)(B) by the Defendant by the telephone call described above, in the amount of $500.00 for each.
58. Plaintiff was further statutorily damaged because Defendant's willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $6,000.00 plus costs and any other remedy deemed appropriate.

## COUNT 2.

### Violations concerning TCPA implementing regulations, including Do Not Call Registry, 47 C.F.R. § 64.1200

59. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.
60. The TCPA's implementing regulations require that the caller provide the called party the name of the individual caller, the name of the person or entity on whose behalf the call is made, and a telephone or address where the person may be reached. 47 C.F.R. § 64.1200(b); 47 C.F.R § 64.1200(d)(4).

6

61. Defendant violated this provision by failing to identify itself as Sunrun in its initial text messages.

62. By placing at least four telemarketing calls to the Plaintiff, whose number is on the Do-Not-Call registry, Defendant, violated 47 U.S.C. § 227(c)(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200(c) and (d).

63. Defendant's first violation of the TCPA implementing regulations by texting a number on the national Do-Not-Call registry. 47 C.F.R. § 64.1200(c)(2).

64. Defendant second violation of the TCPA implementing regulations is failing to properly identify themselves. 47 C.F.R. § 64.1200(b); 47 C.F.R § 64.1200(d)(4).

65. The foregoing acts and omissions of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute at least eight violations of the TCPA, 47 U.S.C. § 227(c), codified at 47 C.F.R. § 64.1200, by, inter alia, failing to comply with the Do-Not-Call Registry and failing to properly identify themselves, during each text, for a total of eight times.

66. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on its behalf's violations of the TCPA, 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $500 in damages for each and every call and violation made to his telephone number in violation of the TCPA's implementing regulations codified at 47 C.F.R. § 64.1200, pursuant to 47 U.S.C. § 227(c)(5)(B).

67. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on its behalf from violating the TCPA, 47 U.S.C. § 227(c), by making calls in violation of any of the TCPA's implementing regulations in the future.

68. The Defendant's violations were knowing and/or willful. Accordingly, the Plaintiff seeks up to treble damages of the $500 per violation award, as provided in 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(c)(5).

69. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $12,000.00 plus costs and any other remedy deemed appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendant, in an amount to be more fully determined at trial, but at least $18,000.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);

C. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(c) and the associated implementing regulations;

D. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C);

E. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5);

F. All reasonable attorneys' fees, witness fees, court costs, pre and post-judgment interest, and other litigation costs incurred by Plaintiff;

G. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

H. Leave to amend this Complaint to conform to the evidence presented at trial; and

I. Any other relief this Court deems proper.

Respectfully submitted,

Dated: January 3, 2023

/s/ Jorge Alejandro Rojas
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582